UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-519-FDW
(3:11-cr-376-FDW-1)

| | |
|---|---|
| DEREK LORENZO COVINGTON, | ) |
| Petitioner, | ) |
| vs. | ) ORDER |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

**THIS MATTER** is before the Court upon Petitioner Derek Lorenzo Covington's pro se Motion to Vacate, Set Aside or Correct Sentence, 28 U.S.C. § 2255 (Doc. No. 1) and his Motion for Release of Prisoner in a Habeas Corpus Proceeding (Doc. No. 3). Also before the Court is the Government's Motion to Dismiss. (Doc. No. 7.)

## I. BACKGROUND

Covington was indicted on November 16, 2011, and charged with possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Indict., Doc. No. 1.[1] On June 12, 2012, Covington entered a straight-up plea of guilty. Acceptance and Entry of Plea, Doc No. 14.

In Covington's presentence report ("PSR"), the probation officer calculated a total offense level of 31 based on a determination that Covington's criminal history, which included 25 convictions for breaking and entering and one conviction for robbery with a dangerous weapon, all in violation of North Carolina law, qualified him as an armed career criminal. PSR ¶¶ 21, 24, 27, 28, 29, 31, 32, 34, 35, 36, 37, Doc. 18. Combined with a criminal-history category of IV, this offense level yielded an advisory Sentencing Guidelines range of between 151 and 188 months in

---

[1] Unless otherwise indicated, all document and docket references that are not in parentheticals are from the underlying criminal action, United States v. Covington, 3:11-cr-376-FDW-1 (W.D.N.C.), and documents and docket references enclosed in parentheticals are from the instant civil action, Covington v. United States, 3:16-cv-519-FDW (W.D.N.C.).

1

prison. PSR at ¶ 76. The probation officer noted that Covington faced a statutory mandatory minimum term of 180 months in prison based on his classification as an armed career criminal. PSR at ¶ 76. Covington objected to certain of the probation officer's conclusions in the PSR but not to his classification as an armed career criminal. PSR at 20. This Court sentenced Covington to 180 months in prison. Judgment, Doc. No. 21. Judgment was entered on June 24, 2013.

Covington did not file a direct appeal. He filed the instant Motion to Vacate on June 18, 2016.[2] (Mot. to Vacate, Doc. No. 1.) He asserts that under the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015), the predicate offenses used to establish his status as an armed career criminal no longer qualify as violent felonies and his sentence, therefore, must be vacated. (Mot. to Vacate 4-5.)

The Government filed a Motion to Dismiss, arguing Covington's Johnson claim is procedurally defaulted because he failed to raise the substance of the claim at sentencing or in a direct appeal. The Government also contends that he cannot state a claim under Johnson. (Doc. No. 7.) Covington has filed a Response to the Government's Motion. (Doc. No. 9.)

**II. STANDARD OF REVIEW**

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments

---

[2] Prior to filing his Motion, Covington sought, and was granted, authorization by the Fourth Circuit Court of Appeals to file a second or successive 28 U.S.C. § 2255 motion, see 28 U.S.C. §§ 2244 and 2255(h). (Not. of Authorization, Doc. No. 1-1.) The Fourth Circuit's authorization was, in this instance, superfluous. Covington's previous § 2255 was voluntarily dismissed pursuant to Federal Rule of Civil Procedure 41(a)(1), which allows the party bringing a civil action to dismiss it without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment, Fed. R. Civ. P. 41(a)(1)(A)(i). Not. of Vol. Dismiss, Covington v. United States, 3:14-cv-322-FDW (W.D.N.C.), Doc. No. 5. The dismissal was without prejudice, see Fed. R. Civ. P. 41(a)(1)(B). Therefore, Petitioner's instant § 2255 did not trigger the "second or successive" procedures under § 2255(h). See Jackson v. United States, 245 F. App'x 258 (4th Cir. 2007) (unpublished) (holding that voluntary dismissal of a § 2255 motion under Fed. R. Civ. R. 41(a)(1) is self-executing, requires no further action from the court, and does not trigger the "second or successive" procedures under § 2255(h) if a subsequent § 2255 is filed in the future).

presented can be resolved without an evidentiary hearing based on the record and governing case law.  See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

**III. DISCUSSION**

The Court agrees that Covington's Motion to Vacate fails to state a claim for relief under Johnson.  For the sake of judicial economy, the Court will not also address the procedural default defenses raised by the Government.

In Johnson, the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), is unconstitutionally vague.  135 S. Ct. at 2558.  The Court has made the holding in Johnson retroactive on collateral review.  See Welch v. United States, 136 S. Ct. 1257 (2016).

The ACCA provides for a mandatory minimum sentence of 15 years in prison for a defendant convicted of being a felon in possession of a firearm, 18 U.S.C. § 922(g), if the defendant has at least three prior convictions for serious drug offenses or violent felonies.  See § 924(e)(1). "Violent felony" is defined in the ACCA as "any crime punishable by imprisonment for a term exceeding one year" that "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*."  Id. § 924(e)(2)(B) (emphasis added).

The italicized closing words of § 924(e)(2)(B) constitute the ACCA's residual clause, which the Johnson Court held is void for vagueness.  135 S. Ct. at 2556, 2558.  The Court left intact the remainder of the ACCA's "violent felony" definition, including the four enumerated offenses and the "force clause."  Id. at 2563.

One of the enumerated offenses is "burglary."  § 924(e)(2)(B)(ii).  The Supreme Court, in Taylor v. United States, held that Congress intended only crimes containing the elements of

3

"generic" burglary to qualify as ACCA predicate burglary offenses. 495 U.S. 575, 598 (1990). Generic burglary contains the following elements: "an unlawful or unprivileged entry into . . . a building or other structure, with intent to commit a crime." Id.

To determine whether a prior conviction qualifies as a "burglary," courts employ what is known as "the categorical approach." Descamps v. United States, 133 S. Ct. 2276, 2283 (2013). Under this approach, the court "focus[es] solely on whether the elements of the crime of conviction sufficiently match the elements of generic burglary, while ignoring the particular facts of the case." Mathis v. United States, 136 S. Ct. 2243, 2248 (2016). A state crime will qualify as a burglary, and thus a predicate crime under the ACCA, only if its elements "are the same as, or narrower than, those of the generic offense," regardless of whether the defendant actually committed the offense in its generic form. Id.; Descamps, 133 S. Ct. at 2283.

Covington has at least 17 convictions for felony breaking and entering in North Carolina, see PSR ¶ 21, which he does not deny. Under North Carolina's felony breaking and entering statute, N.C. Gen. Stat. § 14-54(a), "[a]ny person who breaks or enters any building with intent to commit any felony or larceny therein shall be punished as a Class H felon." In United States v. Mungro, the Fourth Circuit held that breaking and entering in violation of North Carolina's § 14-54(a) qualifies as "generic burglary" and is, therefore, a predicate offense under the ACCA. 754 F.3d 267, 272 (4th Cir. 2014).

Notwithstanding the holding in Mungo, Covington contends that § 14-54(a) is broader than generic burglary because it includes structures that are excluded by the generic definition of burglary. (Pet'r's Mem. 2-4, Doc. No. 4.) Notably, the Supreme Court has never defined the terms "building" or "other structure" in the context of generic burglary, although it has indicated those terms do not encompass every enclosure. See e.g., Shepard v. United States, 544 U.S. 13, 15–16 (2005) (stating that the generic offense refers to burglary "committed in a building or enclosed

4

space . . . not in a boat or motor vehicle"); Mathis, 136 S. Ct. at 2250 (finding that an Iowa burglary statute encompassed conduct outside the bounds of generic burglary because the statute specified that the crime could occur in a "land, water, or air vehicle"). As used in North Carolina's § 14-54, "building" includes "any dwelling, dwelling house, uninhabited house, building under construction, building within the curtilage of a dwelling house, and any other structure designed to house or secure within it any activity or property." § 14-54(c).

In State v. Gamble, the North Carolina Court of Appeals held that the "'particular designations' in the G.S. 14-54(c) definition of 'building,' 'dwelling, dwelling house, uninhabited house, building under construction, building within the curtilage of a dwelling house,' indicate that the legislature intended the statute to proscribe breaking or entering into that which conforms to the common definition" of "building," i.e.,

> a constructed edifice designed to stand more or less permanently, covering a space of land, usu. [sic] covered by a roof and more or less completely enclosed by walls, and serving as a dwelling, storehouse, factory, shelter for animals, or other useful structure—distinguished from structures not designed for occupancy (as fences or monuments) . . . .

286 S.E.2d 804, 806 (N.C. Ct. App. 1982) (quoting Webster's Third New International Dictionary (1968 ed.) 292). Thus, for the breaking and entering of a structure to qualify as an offense under § 14-54(a), the structure must be a "building" as that term is commonly understood. Accordingly, the Court rejects Covington's argument that § 14-54(a) sweeps more broadly that "generic burglary."[3]

Finally, in his response to the Government's Motion to Dismiss, Covington asserts that he can make out a claim that he is actually innocent of the provisions of § 924(e) based on the Supreme

---

[3] Covington's argument focuses on the definition of "dwelling house," rather than the definition of "building." He argues that a "dwelling house" can include almost any kind of structure, including a dog house, hen house, or outhouse, adjacent to or within the curtilage of the dwelling. While it is true that § 14-54 includes "buildings within the curtilage of a dwelling house," that fact does not make the statute broader than generic burglary, which is "an unlawful or unprivileged entry into . . . a building or other structure, with intent to commit a crime." Taylor, 495 U.S. at 598. Covington has cited no case law, and this Court is unaware of any, holding that a henhouse, outhouse, or dog house cannot be a "building or other structure" as those terms are meant under generic burglary. Conversely, Covington has not cited any case law indicating that the North Carolina Supreme Court would apply § 14-54 to structures such as hen houses, dog houses, or outhouses.

Court's reasoning in Carachuri-Rosendo v. Holder, 560 U.S. 563 (2010). (Pet'r's Resp. 5, Doc. No. 9.) In Carachuri-Rosendo, the Supreme Court held that when determining whether a conviction is an 'aggravated felony' for purposes of the Immigration and Nationality Act, the Court must look at the defendant's actual conviction and not the offense for which he could have possibly been convicted based on his conduct. Id. Subsequently, the Fourth Circuit determined that a prior conviction under North Carolina law is punishable by more than one year of imprisonment only if the defendant's conviction, based on his individual offense characteristics and criminal history, allowed for such a sentence. United States v. Simmons, 649 F.3d 237, 244 (4th Cir. 2011).

The Court will not consider the merits of Covington's claim for two reasons. The first is that Covington raised it in response to the Government's defense of procedural default, and this Court did not rely on procedural default in resolving this action. The second is that, as a free-standing claim, Covington's assertion of actual innocence is untimely.

Under § 2255(f), a motion to vacate must be filed within one year from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id. Covington's judgment of conviction became final in 2014. Carachuri-Rosendo and Simmons were decided prior to Petitioner's conviction and sentencing in federal court, so he could have raised claims under either case at sentencing or on direct appeal. Moreover, the Fourth Circuit has held that Carachuri-Rosendo, is not retroactively applicable to cases on collateral review. See

6

United States v. Powell, 691 F.3d 554, 560 (4th Cir. 2012).[4]

Covington has failed to set forth grounds upon which his § 2255 Motion to Vacate may be granted. Accordingly, the Government's Motion to Dismiss shall be granted.

**IT IS, THEREFORE, ORDERED** that:

1. The Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1) is **DISMISSED**;

2. Petitioner's Motion For Release of Prisoner in a Habeas Corpus Proceeding (Doc. No. 3) is **DENIED**;

3. The Government's Motion to Dismiss (Doc. No. 7) is **GRANTED**; and

4. Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: April 24, 2017

Frank D. Whitney
Chief United States District Judge

---

[4] Covington asserts that he is *not* raising a claim under Simmons. (Pet'r's Resp. 5.)